**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| RICHARD ANDERSON, ) | Case No.: 2:07-cv-01117-RCJ-RJJ |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| LENARD VARE et al., ) | |
| ) | |
| Defendants. ) | |

Before the Court is Plaintiff Richard Anderson's Motion to Reconsider (#53). Plaintiff brought the instant motion on April 26, 2010, following this Court's March 31, 2010 Order (#52) entered by Judge Robert Jones. Defendants filed a timely Response (#54) and Plaintiff filed an untimely Reply (#56).

**BACKGROUND**

Plaintiff Richard Anderson is a Nevada state prisoner housed by the Nevada Department of Corrections ("NDOC"). Plaintiff claims to be a Native American, although he does not allege any particular tribal affiliation or enrollment. (*See* Complaint ¶ 1). On September 15, 2006, Anderson was transferred from the Southern Desert Correctional Center ("SDCC") to the Southern Nevada Correctional Center ("SNCC") as part of an older inmate work force. Upon his arrival at SNCC, Plaintiff asked Defendant Lenard Vare about the availability of land for Native American religious use. Vare informed Plaintiff that SNCC was a new facility and that no land at SNCC had yet been specifically designated for such use, but that plans were being "worked on." The land that SNCC had previously allowed Native American inmates to use for religious rituals had been annexed to a women's unit to alleviate overpopulation at the women's facility. Defendants told Anderson that because the land once used for rituals was now part of the female

housing unit, he would not be allowed to use it. Defendant Vare further informed Anderson that land at SNCC might be available for Native American use as early as March 2008. Plaintiff requested that he be transferred to another facility if Native American land was not immediately available. Vare informed Plaintiff that the chapel at SNCC was available for Native American rituals and in fact had been utilized for this purpose in the past. The SNCC chapel was not restricted to use by inmates of any particular faith.

On December 7, 2007, Plaintiff was transferred back to SDCC based on his request for access to land used exclusively for Native American religious ceremonies. In the meantime, on August 20, 2007, Plaintiff filed a Complaint in this Court pursuant to 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1. The Court granted Defendants' motion for summary judgment, and the Court of Appeals affirmed except as to the RLUIPA claims asserted against Defendants Vare, Howell, Corenze, and Dreesen. The Court of Appeals vacated and remanded summary judgment on the RLUIPA claims as to those Defendants, because the district court did not apply the proper standard of religious rights under RLUIPA, but only the standard set by the Free Exercise Clause of the First Amendment, which is not as strict as RLUIPA. *See Cutter v. Wilkinson*, 544 U.S. 709, 714 (2005); *see also Alvarez v. Hill*, 518 F.3d 1152, 1154–57 (9th Cir. 2008). On April 1, 2010, the Court ruled that the remaining Defendants were entitled to summary judgment on Plaintiff's claims under RLUIPA. Specifically, the Court held that Defendants were entitled to absolute immunity as to monetary damages. The Court also held that Plaintiff's claim for injunctive relief failed as a matter of law.

**DISCUSSION**

A.   **Legal Standard for Motion to Reconsider**

A motion to alter or amend a judgment must be made within twenty-eight (28) days of entry of judgment. Fed. R. Civ. P. 59(e) (2010). Here, judgment was entered on April 1, 2010,

and the present motion was filed twenty-five days later on April 26, 2010.  Therefore the motion to reconsider is timely under Rule 59(e) and should be considered under that rule as opposed to Rule 60(b).  *Am. Ironworks & Erectors, Inc. v. N. Am. Contr. Corp.*, 248 F.3d 892, 898-99 (9th Cir. 2001) ("[A] motion for reconsideration is treated as a motion to alter or amend judgment under Federal Rule of Civil Procedure Rule 59(e) if it is filed within ten days of entry of judgment.").  On December 1, 2009, the time to file a Rule 59(e) motion was extended to twenty-eight days.  *Compare* Fed. R. Civ. P. 59(e) (2010), *with* Fed. R. Civ. P. 59(e) (2009). This rule prevents parties from seeking reconsideration of a judgment based on a court's own errors of law after the time for filing a motion under Rule 59(e) has run by attempting to invoke Rule 60(b), which only permits amendment of a judgment based on circumstances external to a court's own actions.  *See, e.g.*, *Hahn v. Becker*, 551 F.2d 741, 745 (7th Cir. 1977) ("[T]he relief sought by the defendants is correction of errors of law and is not of the type contemplated by Rule 60.  As this court has emphasized, it will not permit parties to circumvent the service requirement of Rule 59(e) by merely denominating the motion as one made under Rule 60.").

  A Rule 59(e) motion is appropriate "if the district court: (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in the controlling law." *Circuit City Stores, Inc. v. Mantor*, 417 F.3d 1060, 1064 (9th Cir. 2005) (quoting *Sch. Dist. No 1J, Multnomah County v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993)); *see also 389 Orange Street Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

**B.**  **Analysis**

  In the present case, Plaintiff seeks reconsideration on the grounds that District Judge Jones' summary judgment for Defendants conflicted with Magistrate Judge Johnston's discovery order, that there was inadequate time for discovery in the case, that this Court failed to adequately analyze the law under RLUIPA and apply the correct legal standards, and that the

Court failed to demand detailed evidence from Defendants.  None of these arguments has sufficient merit to warrant granting Plaintiff's motion.  In short, Plaintiff fails to demonstrate new evidence, clear error or manifest injustice, or an intervening change in controlling law.  Accordingly, denial of Plaintiff's motion is required.

### 1. Discovery

As to Plaintiff's contentions regarding the evidence in the case, they are clearly without merit.  The mere fact that the magistrate judge entered a discovery order does not in any way limit this Court's ability to hear and decide dispositive matters.  The relevant inquiry is whether the standard under Federal Rule of Civil Procedure 56 was applied correctly, which it was.  The Court need not permit full discovery before granting summary judgment, nor did Plaintiff seek a Rule 56(f) continuance.  *See Barona Group of Capitan Grande Band of Mission Indians v. American Management & Amusement, Inc.*, 840 F.2d 1394, 1400 (9th Cir. 1987) (finding the district court did not abuse its discretion where the party opposing summary judgment did not file a Rule 56(f) motion stating what additional information remained to be discovered and how it would preclude summary judgment).  Rule 56(c) itself states that "a party may move for summary judgment *at any time* until 30 days after the close of discovery."  Fed. R. Civ. P. 56 (emphasis added).  In the instant case, the Court determined that sufficient discovery had taken place, and sufficient evidence was presented to the Court to determine that Plaintiff's claims failed as a matter of law, regardless of whether or not further discovery were permitted.

### 2. RLUIPA

As to Plaintiff's substantive arguments, they are insufficient to demonstrate that clear error or manifest injustice was the result of this Court's prior order.  The Court determined that the burden on Plaintiff's religious beliefs imposed by the ban on the burning of sage in his cell was subject to strict scrutiny, but that the State of Nevada had compelling interest in preventing intoxication and criminal behavior, as well as rehabilitating its inmates.  Further, the State of

Nevada's ban on burning substances in prison cells, such as sage which has a strong smell that can be used to mask the smell of intoxicants and other contraband, was the least restrictive means to accomplish the State of Nevada's compelling interest.

The Court's Order granting Defendant's Motion for Summary Judgment determined that Defendants' offer to allow Plaintiff to use the chapel for his ceremonies made his claim of deprivation of rights unmeritorious. (April 1, 2010 Order at 9:1–3, #53). However, Plaintiff now claims in his Motion for Reconsideration that while Plaintiff was alternatively offered the use of the prison chapel for his ceremonies, this accommodation does not necessarily make his claim of deprivation of rights unmeritorious because Plaintiff was still prevented from burning sage, even in the chapel. There does appear to be a genuine issue of material fact as to whether Plaintiff was allowed to burn sage in the chapel. Plaintiff claims that he was not allowed and Defendants have not attempted to rebut this claim. Therefore, this Court will assume, for purposes of summary judgment review that Plaintiff was not allowed to burn sage in the chapel. It should be noted, however, that Plaintiff has raised this allegation in his motion to reconsider rather than in his Complaint. As Plaintiff has not sought to amend his Complaint post-appeal, the Court need not consider his claims not contained in the Complaint. Regardless, the Court is convinced that Plaintiff's claims were properly subject to the summary judgment motion.

Plaintiff implies that the issue is whether a total ban on the use of sage burning (smugging) in a prison cell or in a prison chapel as part of a religious worship is the least restrictive means of maintaining security. Under RLUIPA, prison officials bear the burden of establishing that the restriction challenged is the "least restrictive alternative to achieve" a compelling governmental interest. *See Warsoldier,* 418 F.3d at 998. "[N]o longer can prison officials justify restrictions on religious exercise by simply citing to the need to maintain order and security in a prison." *Alvarez v. Hill*, 518 F.3d 1152, 1156–1157 (9th Cir. 2008) (citing *Greene v. Solano County Jail,* 513 F.3d 982, 989 (9th Cir. 2008)). Prisons must now demonstrate

that they "actually considered and rejected the efficacy of less restrictive measures before adopting the challenged practice." *Warsoldier,* 418 F.3d at 999. To succeed on its Motion for Summary Judgment, Defendants must demonstrate that restrictions on Plaintiff's religious exercise were the least restrictive means of maintaining prison security.  While prison administrators are to be accorded deference with regard to prison security, Defendants must show that they "actually considered and rejected the efficacy of least restrictive measures before adopting the challenged practice." *Id*.

However, Plaintiff admits that areas of land dedicated to the burning of sage for religious purposes exist outside every other prison facility except the one where he had recently arrived. (Motion to Reconsider at 5, #53).  According to Defendants, upon arrival to SNCC, Defendant Vare informed Plaintiff that because he was in a new facility, no land had yet been designated for such use, but that plans were being "worked on" and he could use the chapel instead. (Vare Aff. at 1:7–2:13, #16 Ex. E).  Unsatisfied with this accommodation, Plaintiff admits he was transferred to another facility, SDCC, an older facility that did provide him access to land specifically designated for Native American religious ceremonies.  (Opposition to Motion to Dismiss and Summary Judgment at 9:14–15, #25).  The grievance forms attached to Plaintiff's Opposition to Defendant's Motion to Dismiss demonstrate that Defendants considered Plaintiff's requests, including his request to burn sage in his room,[1] and elected to move Plaintiff in order facilitate his requests. (Exhibits attached to Plaintiff's Opposition to Motion to Dismiss, #25). The disputed evidence as to whether or not Plaintiff *wanted* to be transferred from SNCC is immaterial to whether or not the prison officials' conduct was constitutionally infirm.   The least restrictive means used by the Defendants to accomplish its compelling interest was not just to prohibit the burning of sage in the cell or chapel in the new facility, but to transfer Plaintiff to one of the other prison facilities which had already completed the construction of a designated

---

[1] Notably, just as Plaintiff did not allege in his Complaint that he was prohibited from burning sage in the chapel, this is not evidenced in the grievance forms he has attached to his pleadings.

outdoor area enabling him to practice the burning of sage. This is sufficient to meet the showing required under *Warsoldier*, 418 F.3d at 999, as Plaintiff's own evidence demonstrates that prison officials considered his request and rejected allowing him to burn sage, instead transferring him to another facility.

Therefore, the Court is convinced that the analysis and conclusion of the previous summary judgment in favor of Defendants was correct. Plaintiff has not presented any evidence or argument sufficient to amend this judgment.

## CONCLUSION

IT IS HEREBY ORDERED THAT Plaintiff's Motion to Reconsider (#53) is DENIED.

DATED this 14th day of July, 2010.

_____
Gloria M. Navarro
United States District Judge